Mr. Justice ThacheR
delivered the opinion of the court.
It appears from the brief of counsel for the appellants in this case, that it was brought into this court to enforce a construction of the act of March 5, 1846, entitled “An act to amend the several laws of the state in relation to the courts of probate,” and by which any person interested in an estate of a decedent may at any time within two years after final settlement, by bill of review, open the account of any executor, administrator or guardian, and surcharge and falsify the same. It was supposed that the act was retrospective, applying to any settlements made prior to its passage, as well as prospective, applying to settlements made subsequently to its passage. But this ground is now abandoned, in consequence of our decision upon the point in Hooker v. Hooker, 10 S. & M. 599, and holding a different doctrine.
*305 It is now, however, contended, that the settlement sought to be reviewed,is not a final and conclusive settlement, and was not so regarded in the petition to the probate court, filed as a bill of review, but that it was treated only as a fraudulent settlement.
The settlement of Melissa Prestridge of her administration of Samuel Prestridge’s estate, made in 1845, was a final settlement, or it amounted to no settlement at all. .It was not offered as, nor has it any features or guise of, an annual or partial settlement. It was evidently designed as a final settlement, and the decree of the probate court passes upon it as such. If it were not a legal final settlement, or if it be void in consequence of want of notice, or defective notice to parties interested, or from the absence and neglect of proper or from erroneous preliminary proceedings, then a bill of review was not the proper mode of reaching and attacking it. A bill of review presupposes and can lie only to a settlement valid as a settlement, whether annual and partial or final.
The petition, as we gather from it, treats the settlement as a valid settlement, while at the same time it attacks it as a false, inaccurate and fraudulent settlement. It charges as to it, that the administratrix procured it to be returned to, approved by, and recorded in the probate court as a final account of that administration. The petition does not object to the settlement upon the score of its illegality because of want of due notice to those interested in the final settlement of the estate, or because of unauthorized action by the court, but the whole aim of the petition is to falsify the settlement as a settlement, for the statement in it is, that the petitioners “ file this their bill of review to surcharge and falsify the said account.” This is the burden of the petition, exemplified by numerous illustrations directed to many and various items of the account. The prayer of the petition is to compel answers to the bill of review and for a decree that the accounts of the administration may be opened for the correction of the several interlocutory orders and final decree made therein.
*306 In either aspect of this case, we are inclined to think the court of Lawrence county was correct in decreeing the dismissal of the petition.
Judgment affirmed.